UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL COMMEAU,           )
                                   )
          Petitioner,          )
                                   )
        v.                  )     1:21-cv-00074-NT
                                   )
                                   )
STATE OF MAINE,            )
                                   )
          Respondent      )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner, pursuant to 28 U.S.C. § 2254, seeks relief from a state court conviction and sentence. (Petition, ECF No. 1.) Petitioner claims he is entitled to additional DNA testing at his own expense of certain items found near the scene of the crime for which he was convicted. (Petition at 6.) The State asks the Court to dismiss the petition. (Response, ECF No. 8.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

A young woman approached her car in the parking lot near her workplace one evening when a masked man ran toward her, pushed her to the ground, put a hand over her mouth, told her he had committed a robbery, and ordered her to drive them away in her

---

[1] Unless otherwise noted, the facts recounted below are drawn primarily from the state courts' summaries. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"); *Hensley v. Roden*, 755 F.3d 724, 727 (1st Cir. 2014) (recounting the facts as "derived from the [state court] decision").

car.  The man eventually directed her out of the vehicle, threatened to stab her, sexually assaulted her, and then forced her into the car and ordered her to drive back to her workplace.  Petitioner exited the vehicle and walked away.  He was apprehended later that same evening.

Petitioner was indicted in December 2000 on one count of kidnapping in violation of 17-A M.R.S. § 301(1)(A)(3) and one count of gross sexual assault in violation of 17-A M.R.S. § 253(1)(A).  (*State v. Commeau*, Me. Super. Ct., AUGSC-CR-2000-00400, Docket Record at 1.)  After a trial in October 2001, a jury found Petitioner guilty on both counts.  (*Id.* at 7–8.)  In April 2002, the state court sentenced Petitioner to ten years imprisonment on the kidnapping count and forty years imprisonment on the gross sexual assault count to be served consecutively.  (*Id.* at 9.)  The Law Court affirmed the conviction and sentence in June 2004.  *State v. Commeau*, 2004 ME 78, ¶ 7, 852 A.2d 70, 72.

In June 2005, Petitioner sought postconviction review in state court.  (*Commeau v. State*, Me. Super. Ct., AUGSC-CR-2005-00369, Docket Record at 1–2.)  The state court denied the petition in June 2007, (*id.* at 4), and the Law Court denied Petitioner's application for a certificate of probable cause to appeal the denial.  (*Commeau v. State*, Me. L. Ct., KEN-07-391, Docket Record at 1–2.)  Petitioner had also filed in September 2006 a motion for DNA analysis of items which were not tested at trial.  (*Commeau v. State*, Me. Super. Ct., AUGSC-CR-2005-00369, Docket Record at 3.)  In October 2007, the state court denied Petitioner's request to test cigarette butts found near the victim's car and cigarette butts near Petitioner's van because even if they "yielded biological evidence that did not link to [Petitioner], this would not constitute material exculpatory evidence but would

2

merely confirm that some passerby had discarded a cigarette butt in that area during the weeks or months prior to the crime." (October 25 Order at 2.) The State did not oppose testing a saliva sample from the victim, but after the analysis yielded only a DNA profile that matched the victim, the state court denied Petitioner's motion for a new trial because the "the jury was aware that there was no DNA evidence linking defendant to the crime" and it was not probable that the inconclusive DNA evidence would produce a different verdict in light of the other evidence in the case. (April 17 Order at 1.) Petitioner filed an application to appeal the trial court's DNA decisions but withdrew that application in May 2008. (*Commeau v. State*, Me. L. Ct., KEN-08-257, Docket Record at 1–2.)

In September 2008, Petitioner filed a habeas petition in federal court pursuant to 28 U.S.C. § 2254 alleging misconduct by law enforcement, the prosecutor, and the trial judge, challenging the sufficiency of the evidence, and alleging ineffective assistance of counsel. (Petition, 1:08-cv-00306-JAW, ECF No. 1.) The Court denied the petition in January 2009. (Order Adopting Report and Recommended Decision, 1:08-cv-00306-JAW, ECF No. 11; Supplemental Decision, 1:08-cv-00306-JAW, ECF No. 13.) Petitioner twice sought leave from the First Circuit to file a second or successive petition, but the First Circuit denied his applications in February 2010 and February 2012. (Judgments of the Court of Appeals, 1:08-cv-00306-JAW, ECF Nos. 16, 17.)

In April 2019, Petitioner filed another motion in state court for additional DNA analysis. (*State v. Commeau*, Me. Super. Ct., AUGSC-CR-2000-00400, Docket Record at 12.) In January 2020, the state court denied Petitioner's motion because even though new methodologies and databases now exist for purposes of DNA comparison, further analysis

of the cigarette butts would not yield material information for the same reasons the court denied Petitioner's first request to test those items.  (*State v. Commeau*, Me. Super. Ct., AUGSC-CR-2000-00400, January 8th Order at 1–2.)  In June 2020, the Law Court denied Petitioner's request for a certificate of probable cause to appeal the second DNA decision. (*Commeau v. State*, Me. L. Ct., KEN-20-35, Docket Record at 2.)

In February 2021, Petitioner filed another habeas petition in federal court pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel, challenging the sufficiency of the evidence, and questioning certain evidentiary rulings at trial.  (Petition, 1:21-cv-00055-NT, ECF No. 1.)  The Court denied the petition as second or successive in April 2021.  (Order Affirming the Recommended Decision, 1:21-cv-00055-NT, ECF No. 7.)

In March 2021, Petitioner filed the latest § 2254 petition challenging in federal court the second DNA decision of the state court.  (Petition, ECF No. 1.)

## DISCUSSION

### A.    Legal Standards

Under 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Absent circumstances not relevant to Petitioner's case, a petitioner is required to exhaust available state court remedies before he seeks federal habeas review.  28 U.S.C. § 2254(b), (c).[2]  "Before seeking a federal writ of habeas corpus, a state prisoner must

---

[2] Title 28 U.S.C. § 2254(b) and (c) address exhaustion and state:

exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted). In *Baldwin,* the Court noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan,* 513 U.S. at 365–66).

To exhaust a claim fully in state court in Maine, a petitioner must request discretionary review by the Law Court. *See* 15 M.R.S. § 2131. The Supreme Court has

---

**(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    **(A)** the applicant has exhausted the remedies available in the courts of the State; or

    **(B) (i)** there is an absence of available State corrective process; or

    **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

**(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

**(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

**(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

held that a procedural default bars federal review absent a demonstration of cause for the default and prejudice to the petitioner:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[3]

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized a "narrow exception" to its holding in *Coleman*, based on equity, not constitutional law: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9, 16. However, when the procedural default relates to post-conviction counsel's actions at the discretionary-review stage rather than at the initial-review stage of the collateral proceedings, habeas relief is not available:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial . . . .

*Martinez*, 566 U.S. at 16 (citations omitted).

---

[3] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition." *Lovins v. Parker,* 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)).

As to federal habeas claims that were adjudicated on the merits in state court, the federal court may not grant relief unless (1) the state court decision was contrary to, or an unreasonable application of, federal law, as determined by the Supreme Court, pursuant to 28 U.S.C. § 2254(d)(1); or (2) the decision was based on an unreasonable determination of the facts, pursuant to section 2254(d)(2).[4]

As to review of a state court decision under section 2254(d)(1), "[i]t is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" *Nevada v. Jackson,* 569 U.S. 505, 508-09 (2013) (per curiam) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the [*Strickland v. Washington*, 466 U.S. 668 (1984)] standard itself." *Harrington*, 562 U.S. at 101. Claims of ineffective assistance of counsel are thus subject to a "'doubly deferential'" standard of review, in deference to both the state court and defense counsel. *Woods v. Etherton,* --- U.S. ---, ---, 136 S. Ct. 1149, 1151

---

[4] Title 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(2016) (per curiam) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).  State court determinations of fact "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).[5]

In *Strickland*, the Supreme Court set forth the relevant Sixth Amendment standard by which claims of ineffective assistance based on counsel's errors are evaluated on the merits; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 688, 694.  A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.  A court presumes "that counsel has 'rendered adequate assistance and made all

---

[5] The decision under review in this case is the Law Court's order affirming the decision of the trial court, because the Law Court's decision is the final state court adjudication on the merits of each claim.  *See Greene v. Fisher*, 565 U.S. 34, 40 (2011) (noting that the last state-court adjudication on the merits of the petitioner's constitutional claim occurred on direct appeal to the state's supreme court); *Clements v. Clark*, 592 F.3d 45, 52 (1st Cir. 2010) ("A matter is 'adjudicated on the merits' if there is a 'decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'") (quoting *Teti v. Bender*, 507 F.3d 50, 56-57 (1st Cir. 2007)).

However, because the Law Court's order did not explain the Court's reasoning in detail, the federal court may consider the trial court's decision:

> We hold that the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale.  It should then presume that the unexplained decision adopted the same reasoning.

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (noting the state may rebut the presumption).

significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690).

A court considers "the totality of the evidence," and "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 695-96. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

## B.   Analysis

Petitioner argues that Maine's DNA testing rules violate his due process rights. There is no "freestanding" federal constitutional "substantive due process right" to access evidence in the government's possession for DNA testing. *Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 72 (2009). The Supreme Court has recognized, however, that prisoners may have "a liberty interest in demonstrating [their] innocence with new evidence under state law," and that "[t]his state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right." *Id.* at 68 (internal quotation omitted). The Supreme Court, therefore, has "left slim room for the prisoner to show that the governing state law denies him procedural due process." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011).

Determining the proper avenue for presenting such a procedural challenge is not always straightforward. *See Wilkinson v. Dotson*, 544 U.S. 74, 78–81 (2005) (summarizing history of cases establishing the boundaries between habeas corpus petitions and 42 U.S.C. § 1983 claims). Petitioner cited § 2254 and styled his claim as a habeas petition, but

9

because he filed § 2254 petitions pursuant to the same state court criminal judgment, he faces the "'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts." *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996)).

Pursuant to 28 U.S.C. § 2255(h) and § 2244(b)(3)(A), "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Bucci v. United States*, 809 F.3d 23, 25–26 (1st Cir. 2015). The First Circuit has "interpreted [these provisions] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

Petitioners sometimes seek review in federal court of their motions for biological testing in state court even after prior habeas petitions by relying on the first exception for newly discovered evidence of innocence, but it is unlikely that Petitioner can rely on that exception here because no additional testing has been performed. Without new evidence bearing on his guilt or innocence, and without any evidence in the record that he has applied to the First Circuit for authorization to proceed, Petitioner provides no basis to avoid the bar on second or successive petitions. Accordingly, this Court lacks jurisdiction over his

claim as contained within a § 2254 petition, and there does not appear to be any grounds for transfer to the First Circuit.[6]

Habeas corpus, however, is not the exclusive path for the procedural challenge Petitioner seeks to assert. Procedural challenges like Petitioner's may be brought under 42 U.S.C. § 1983 because the immediate result of a decision determining that the state's procedures are inadequate does not "necessarily imply the invalidity of [the prisoner's] conviction." *Skinner*, 562 U.S. at 533–34. Even if Petitioner's filings are construed as a § 1983 claim, his filings are subject to screening under the Prison Litigation Reform Act because Plaintiff is currently incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Petitioner's filings fail to state an actionable claim under § 1983 because "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69. Petitioner provides no basis to distinguish Maine's postconviction testing procedures from the federal statutes and the procedures of many other states which courts have uniformly upheld. *Id.* at 69–70 (finding "nothing inadequate" about Alaska postconviction testing

---

[6] First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."

procedures that limit access to evidence through "time limits," a requirement that the evidence be "diligently pursued" and "also be sufficiently material"); *Tevlin v. Spencer*, 621 F.3d 59, 71 (1st Cir. 2010) ("The Massachusetts procedure is no more restrictive, and in fact appears to be more permissive, than the Alaska postconviction discovery procedures authorized by the Supreme Court in *Osborne*").

Petitioner, therefore, is not entitled to relief in federal court under either 28 U.S.C. § 2254 or 42 U.S.C. § 1983 on his procedural challenge to the state's procedures for access to evidence for further DNA testing.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of September, 2021.